ELECTRONICALLY FILED - 2025 Jan 31 3:50 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP100618

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF CHARLESTON | IN THE COURT OF COMMON PLEAS<br>FOR THE NINTH JUDICIAL CIRCUIT<br>CASE NO.: 2025-CP-10-________ |
| Monica Kathryn Ranger,<br><br>Plaintiff,<br><br>vs.<br><br>Publix Supermarkets, Inc. and John Doe, representing any other owner, employee of owner or agent of owner who is or who may be negligent,<br><br>Defendants. | SUMMONS<br>(Jury Trial Demanded) |

**EXHIBIT B**

TO: DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED AND REQUIRED to answer the Complaint herein, a copy of which is herewith served upon you, and to serve your Answer to said Complaint upon the undersigned attorney for the Plaintiff, at his office located at *1738 Three Oaks Avenue, Charleston, South Carolina 29407*, within thirty (30) days after the service thereof, exclusive of the day of such service and, if you fail to answer the Complaint within the time aforesaid, then the Plaintiff will apply to the Court for the relief demanded in the Complaint.

YOU ARE HEREBY GIVEN NOTICE FURTHER that if you fail to appear and defend and fail to answer the Complaint as required by this Summons within thirty (30) days after the service hereof, exclusive of the day of service, Judgment by Default may be entered against you for the relief demanded in the Complaint.

SANDERS LAW FIRM, LLC

s/ Thomas O. Sanders, IV
Thomas O. Sanders, IV
1738 Three Oaks Avenue
Charleston, South Carolina 29407
(843) 573-8828
ATTORNEY FOR PLAINTIFF

January 31, 2025
Charleston, South Carolina

ELECTRONICALLY FILED - 2025 Jan 31 3:50 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1000618

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF CHARLESTON<br><br>Monica Kathryn Ranger,<br><br>Plaintiff,<br><br>vs.<br><br>Publix Supermarkets, Inc. and John Doe, representing any other owner, employee of owner or agent of owner who is or who may be negligent,<br><br>Defendants. | IN THE COURT OF COMMON PLEAS<br>FOR THE NINTH JUDICIAL CIRCUIT<br>CASE NO.: 2025-CP-10-________<br><br>COMPLAINT<br>(Jury Trial Demanded) |

Plaintiff Monica Kathryn Ranger ("Plaintiff") alleges the following:

1. Plaintiff is a citizen and resident of the State of California.

2. Defendant Publix Supermarkets, Inc. ("Defendant Publix") is a corporation organized and existing under the laws of the State of Florida which owns property in and/or which transacts business in Charleston County, South Carolina; and Defendant John Doe is any other owner, employee of owner or agent of owner who is or who may have been negligent and who works and/or transacts business in Charleston County, South Carolina ("Defendant Doe"). All Defendants are collectively referred to as "Defendants."

3. Defendant Publix owns and operates Publix supermarket #0472 at 1401 Sam Rittenberg Boulevard, Charleston, SC 29407 ("the Store").

4. The Store is located in Charleston County, South Carolina.

5. This Court has jurisdiction over the parties and subject matter of this action, and venue is proper in the Charleston County, South Carolina Court of Common Pleas.

FOR A FIRST CAUSE OF ACTION
(Negligence)

6. Plaintiff realleges and incorporates the foregoing allegations.

ELECTRONICALLY FILED - 2025 Jan 31 3:50 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1000618

7. On or about May 21, 2022, Plaintiff was a patron at the Store when she slipped on a slippery foreign substance on the floor sustaining injuries ("the Fall").

8. This condition was not an apparent danger, and it constituted a latent defect of the floor, of which Plaintiff was reasonably unaware.

9. If the condition of the floor is determined not to be a latent defect, then when Plaintiff fell, she did not discover the liquid substance on the floor, or that the floor was slippery as a result of the liquid substance upon it, or that harm would result from falling on the slippery floor, or that she needed to protect herself from harm.

10. The liquid substance was not an apparent danger recognized by Plaintiff, because the floor is a light color with grey speckles, making the liquid substance difficult to see.

11. Because the liquid substance was difficult to see, it was not open and obvious, and Plaintiff was reasonably unaware of it.

12. After the Fall, Store Manager Roman Kelt admitted to Plaintiff that the Store was at fault for the liquid substance being on the floor.

13. Because of the frequency of spills on the floor, Defendants and/or their employees and/or agents had knowledge of circumstances or facts sufficient to give them a reason to inquire further about the condition of the floor, but they chose not to investigate.

14. Defendants and/or their employees and/or agents owed a duty of care to Plaintiff, and to other patrons of the Store, to keep the floor reasonably free of hazardous conditions.

15. However, Defendants and/or their employees and/or agents chose not to look for hazardous conditions and practices when they had reason to look for them. This duty of care was not based upon exercise or performance of a discretionary function or duty.

16. Defendants and/or their employees and/or agents breached this duty, by their negligent or wrongful act or omission which resulted in the liquid substance being placed on, and left on, the floor, or by their actual or constructive notice thereof, along with the failure to remove it, which proximately caused Plaintiff's damages and losses.

17. Defendants and/or their employees and/or agents were negligent, grossly negligent, negligent *per se*, reckless and careless in one or more of the following ways:

a. In failing to give care and attention to the hazards presented by the operation of a grocery store;

ELECTRONICALLY FILED - 2025 Jan 31 3:50 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1000618

b. In failing to follow the Store's operations and safety procedures;

c. In failing to ensure that the Store's employees and/or agents followed the Store's Operations and safety procedures;

d. In failing to construct a non-slip floor;

e. In failing to warn patrons of a slippery floor;

f. In failing to close off to patrons the area of the floor which was slippery;

g. In failing to conduct the appropriate work and safety training for the Store's employees and/or agents;

h. In failing to provide refresher training for the Store's employees and/or agents annually and whenever a change of equipment, procedures or job assignment occurred;

i. In failing to conduct reasonable and periodic safety inspections of the floor;

j. In failing to correct discrepancies on the floor;

k. In failing to report any and all safety issues which gave rise to the liquid substance being placed on, and left on, the floor and/or the failure to remove it;

l. In failing to discuss Plaintiff's fall with the Store's employees and/or agents to determine how to prevent such falls from re-occurring;

m. In failing to document and to retain safety meeting subjects and attendance;

n. In failing to report and/or address unsafe conditions with the floor;

o. In failing to correct unsafe conditions with the floor;

p. In failing to keep the floor free of liquid substances;

q. In failing to identify potential hazards with the floor before a patron was injured;

r. In failing to investigate and to remove the liquid substance from the floor;

s. In failing to investigate and correct hazardous conditions with the floor

ELECTRONICALLY FILED - 2025 Jan 31 3:50 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1000618

and practices either observed, or which were reported, which caused the hazardous condition;

t. In failing to identify the source of the liquid substance on the floor;

u. In failing to take corrective actions to abate the source of the liquid substance on the floor;

v. In failing to photograph the liquid substance on the floor after the Fall;

w. In failing to preserve and maintain the video footage of the Fall; and

x. In failing to exercise that degree of care which a reasonable and prudent person would have exercised under the same or similar circumstances.

18. By reason of the aforestated acts of Defendants and/or their employees and/or agents, and as a direct and proximate result thereof, Plaintiff has suffered permanent injuries resulting in medical treatment and expenses; has suffered pain and inconvenience; has been prevented from engaging in her normal activities; has incurred lost wages; and has lost gains to which she otherwise would have been entitled.

19. As a direct and proximate result of the aforesaid conduct of Defendants and/or their employees and/or agents, Plaintiff was caused to incur past and future medical treatment and expenses; will suffer disability; has/will experience substantial personal suffering; and has/will undergo mental suffering.

20. Plaintiff is entitled to both actual and punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants:

a. for actual and punitive damages in an appropriate amount;

b. for the costs and disbursements of this action;

c. for prejudgment interest on special damages;

d. for post judgment interest; and

e. for such other and further relief as this Court may deem just and proper.

ELECTRONICALLY FILED - 2025 Jan 31 3:50 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1000618

SANDERS LAW FIRM, LLC

s/ Thomas O. Sanders, IV
Thomas O. Sanders, IV
1738 Three Oaks Avenue
Charleston, South Carolina 29407
(843) 573-8828
ATTORNEY FOR PLAINTIFF

January 31, 2025
Charleston, South Carolina

ELECTRONICALLY FILED - 2025 Feb 06 4:44 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1000618

STATE OF SOUTH CAROLINA )
COUNTY OF CHARLESTON )

IN THE COURT OF COMMON PLEAS
FOR THE NINTH JUDICIAL CIRCUIT
CASE NO.: 2025-CP-10-00618

Monica Kathryn Ranger,

Plaintiff,

vs.

Publix Supermarkets, Inc. and John Doe, representing any other owner, employee of owner or agent of owner who is or who may be negligent,

Defendants.

AFFIDAVIT AND PROOF OF SERVICE
(as to Defendant Publix)

I certify that I have caused to be served a filed copy of the *Summons* and *Complaint* upon *Publix Supermarkets, Inc.* by personally mailing a copy of the same via United States Certified Mail, Return Receipt, Restricted Delivery, as follows:

To *Corporate Creations Network, Inc., registered agent, 6650 Rivers Avenue, North Charleston, SC 29406;* and it was received by him/her/it/them at the same address on Feb. 3, *2025*; all pursuant to Rule 4, SCRCP as evidenced by the attached Return Receipt No.: *9589 0710 5270 2083 4954 66.*

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporate Creations Network, Inc., Registered agent
Publix Super markets, Inc.
6650 Rivers Avenue
North Charleston, SC 29406

9590 9402 7479 2055 7668 04

2. Article Number (Transfer from service label)

9589 0710 5270 2083 4954 66

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) Corporate Creations Network Inc.

C. Date of Delivery 2/3/25

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

ELECTRONICALLY FILED - 2025 Feb 06 4:44 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1000618

SANDERS LAW FIRM, LLC

Thomas O. Sanders, IV
1738 Three Oaks Avenue
Charleston, South Carolina 29407
(843) 573-8828
ATTORNEY FOR PLAINTIFF

Feb. 6, 2025
Charleston, South Carolina

STATE OF SOUTH CAROLINA )
) PROBATE
COUNTY OF CHARLESTON )

APPEARED AND SUBSCRIBED before me by *Thomas O. Sanders, IV*, the declarant, who I either know or had satisfactory evidence that (s)he was the person described in and who executed this Affidavit, this 6 day of February *2025.*

Notary Public for South Carolina
My commission expires: 4-5-33

SAMANTHA E. SCHUSTER
NOTARY PUBLIC
SOUTH CAROLINA